1 WILLIAM BLUMENTHAL
General Counsel
2
QUISAIRA A. WHITNEY
3 COLLEEN ROBBINS
Federal Trade Commission
4 600 Pennsylvania Avenue, NW, H-238
Washington, DC 20580
5 (202) 326-2351; 2548/ (202) 326-3395 (fax)
qwhitney@ftc.gov; crobbins@ftc.gov
6 For Plaintiff Federal Trade Commission

7 BILL LOCKYER
Attorney General of the State of California
8 ALBERT NORMAN SHELDEN
Senior Assistant Attorney General
9 MARGARET REITER
Supervising Deputy Attorney General
10
IAN K. SWEEDLER (169969)
11 Deputy Attorney General
Office of the Attorney General
12 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
13 (415)703-5597 / (415) 703-5480 (fax)
ian.sweedler@doj.ca.gov
14 For Plaintiff The People of the State of California

15 JOHN CHU
Corporate Counsel Law Group, LLP
16 505 Sansome Street, Suite 475
San Francisco, CA 94111
17 (415)989-5300/ (415) 788-4315
Jchu149@yahoo.com
18 For Defendants Optin Global, Inc., Vision Media
Limited Corp., Rick Yang, and Peonie Pui Ting Chen
19

20 **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
21 **San Francisco Division**

22 FEDERAL TRADE COMMISSION, et al.　) CV No. 05-1502-SC
　　　　　　　　　　　　　　　　　)
23 　　　　　　　　　　　　　　　　　) **Hearing Date: June 27, 2005**
　　　　　　　　　　Plaintiffs,　　) **Hearing Time: 10:00 a.m.**
24 　　　　　　　　　　　　　　　　　) **Courtroom: 1**
　　　　　　　　　　　　　　　　　)
25 　　　　　　　v.　　　　　　　　　) ~~[PROPOSED]~~ **PRELIMINARY**
　　　　　　　　　　　　　　　　　) **INJUNCTION AND STIPULATION**
26 OPTIN GLOBAL, INC., et al.,　　　) **OF ALL PARTIES**
　　　　　　　　　　　　　　　　　)
27 　　　　　　　　　　Defendants.　) 
　　　　　　　　　　　　　　　　　)
28

This matter comes before the Court on a stipulation for a preliminary injunction by the Plaintiffs, the Federal Trade Commission ("FTC" or "Commission") and The People of the State of California ("State of California"), and Defendants, Optin Global, Inc. ("Optin Global"), Vison Media Limited Corp. ("Vision Media"), Rick Yang, also known as Qing Kuang Yang, and Peonie Pui Ting Chen.  On April 13, 2005, the Court entered a Temporary Restraining Order, Order to Show Cause, and Other Equitable Relief ("TRO"), which was subsequently served on all Defendants.  Having been advised that the parties have stipulated hereto and having considered all pleadings, motions, declarations, exhibits, and memorandum of law filed in this action, this Court hereby finds:

1.    This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it has jurisdiction of all parties hereto.  Venue in the United States District Court for the Northern District of California is proper under 15 U.S.C. §§ 53(b), 57b, and 7706(a), (d), and (f) (2004), and 28 U.S.C. § 1391(b), (c) and (d) (2004).

2.    The Plaintiffs filed a complaint against Defendants, Optin Global, Inc., also doing business as Vision Media Limited Corp., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; Vison Media Limited Corp., also doing business as Optin Global, USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; Rick Yang, also known as Qing Kuang Yang; and Peonie Pui Ting Chen, alleging that Defendants have engaged and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) (2004), Section 5(a) of the CAN-SPAM Act, 15 U.S.C. § 7704(a) (2004), and Sections 17529.5 and 17200 of the California Business and Professions Code (West 1997 & Supp. 2004).

3.    The Parties stipulate to a preliminary injunction as provided in this Order.

4.    Defendants by agreeing to this Order, make no admission as to the truth of the Plaintiffs' allegations.  In addition, the stipulation and entry of this Order is not to be construed or deemed a waiver of any claims or defenses that may be raised in this action.

5.    As an agency of the United States, no security is required of the Commission for issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**DEFINITIONS**

2 For the purpose of this preliminary injunction order ("Order"), the following definitions shall apply:

3 A.    "**Affirmative Consent**" with respect to a commercial email message, means that "the

4         recipient expressly consented to receive the message, either in response to a clear and

5         conspicuous request for such consent or at the recipient's own initiative;" and "if the

6         message is from a party other than the party to which the recipient communicated such

7         consent, the recipient was given clear and conspicuous notice at the time the consent was

8         communicated that the recipient's electronic mail address could be transferred to such other

9         party for the purposes of initiating commercial electronic mail messages." 15 U.S.C.

10        § 7702(1)(2004).

11 B.    "**Asset**" or "**Assets**" mean any legal or equitable interest in, right to, or claim to, any real and

12        personal property, including but not limited to chattel, goods, instruments, equipment,

13        fixtures, general intangibles, effects, leaseholds, premises, contracts, mail or other deliveries,

14        shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits,

15        receivables, funds, and all cash, wherever located.

16 C.    "**Clear and conspicuous**" or "**clearly and conspicuously**" with regard to the display of a

17        notice means that the information shall be presented in writing, in a type size, color, and

18        location sufficient for an ordinary consumer to read and comprehend it, and shall be

19        disclosed in a manner that would be easily recognizable and understandable in language and

20        syntax to an ordinary consumer.  If the information is contained in a multi-page print

21        document, the disclosure shall appear on the first page.

22 D.    "**Commercial electronic mail message**" (or "**commercial email**") "means any electronic

23        mail message the primary purpose of which is the commercial advertisement or promotion

24        of a commercial product or service (including content on an Internet website operated for

25        a commercial purpose)." 15 U.S.C. § 7702(2) (A) (2004).

26 E.    "**Defendants**" means Optin Global, Inc., Vison Media Limited Corp., Rick Yang, also known

27        as Qing Kuang Yang, and Peonie Pui Ting Chen.

28

F.   "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

G.   "**Electronic mail address**" "means a destination, commonly expressed as a string of characters, consisting of a unique user name or mailbox (commonly referred to as the "local part") and a reference to an Internet domain (commonly referred to as the "domain part"), whether or not displayed, to which an electronic mail message can be sent or delivered." 15 U.S.C. § 7702(5) (2004).

H.   "**Header information**" "means the source, destination, and routing information attached to an electronic mail message, including the originating domain name and originating electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message." 15 U.S.C. § 7702(8) (2004).

I.   "**Initiate**," "when used with respect to a commercial email message, means to originate or transmit such message or to procure the origination or transmission of such message." 15 U.S.C. § 7702(9) (2004).

J.   "**Plaintiffs**" means Federal Trade Commission and the People of the State of California.

K.   "**Procure**," "when used with respect to the initiation of a commercial email message, means intentionally to pay or provide other consideration to, or induce, another person to initiate such a message on one's behalf." 15 U.S.C. § 7702(12) (2004).

L.   "**Protected computer**" means a computer that is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States. 15 U.S.C. § 7702(13) (2004); 18 U.S.C. § 1030(e)(2)(B) (2004).

M.   "**Sender**" "when used with respect to a commercial electronic mail message, means a person who initiates such a message and whose product, service, or Internet website is advertised

1    or promoted by the message." 15 U.S.C. § 7702(16)(B) (2004).

2

3    **ORDER**

4

5    **I.**

6    **PROHIBITIONS AGAINST MISREPRESENTATIONS**

7    **IT IS THEREFORE ORDERED** that Defendants and their officers, agents, servants,

8    employees, and attorneys, and those persons in active concert or participation with them who receive

9    actual notice of this Order by personal service or otherwise, are restrained and enjoined from

10   initiating the transmission of a commercial email that:

11   A.    Contains, or is accompanied by, materially false or materially misleading header

12         information, including but not limited to:

13         1.    an originating electronic mail address, domain name, or Internet Protocol address

14               when the access to such originating electronic mail address, domain name or Internet

15               Protocol address was obtained by means of false or fraudulent pretenses or

16               representations; or

17         2.    a "from" line (the line identifying or purporting to identify the person initiating the

18               messages) that does not accurately identify any person who initiated the message;

19               and

20   B.    Contains a subject heading likely to mislead recipients, acting reasonably under the

21         circumstances, about material facts regarding the contents or subject matter of the message,

22         including a message subject heading that falsely suggests that the recipient has already

23         submitted a mortgage application, made some inquiry, has an account, or otherwise suggests

24         that the sender, or any person or entity already has a relationship with the recipient.

25

26

27

28

## II.

### PROHIBITIONS AGAINST OPT-OUT AND POSTAL ADDRESS VIOLATIONS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from initiating the transmission of a commercial email that:

A.      Does not include a clear and conspicuous notice of the recipient's opportunity to decline to receive further commercial electronic mail messages from the sender at the recipient's electronic mail address, that does not begin with the language "To stop receiving commercial email from us . . .," and continues to describe the means by which the recipient can decline to receive future commercial email messages from the sender;

B.      Does not include a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously displayed, that a recipient can use to submit a reply electronic mail message or other form of Internet-based communication requesting not to receive future commercial electronic mail messages from the sender at the electronic mail address where the message was received, and that remains capable of receiving such messages or communications for no less than 30 days after the transmission of the original message;

C.      Does not include the sender's valid physical postal address.  A valid physical postal address means the sender's current street address, a post box address that the sender has registered with the United States Postal Service, or a private mailbox the sender has registered with a commercial mail receiving agency that is established pursuant to United States Postal Service regulations; and

D.      Is sent to a recipient's email address, more than 10 business days after the sender receives a request from that email recipient not to receive future commercial electronic mail messages from the sender at the recipient's electronic mail address.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.

### PROHIBITIONS AGAINST FAILING TO IDENTIFY AN EMAIL

### MESSAGE AS AN ADVERTISEMENT OR SOLICITATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from initiating the transmission of a commercial email that fails to provide clear and conspicuous identification that the message is an advertisement or solicitation.

**PROVIDED, HOWEVER,** that the requirements of this Section do not apply to commercial email messages transmitted only to recipients for whom Defendants have Affirmative Consent from such recipients.

### IV.

### INJUNCTION AGAINST NEW ACCOUNT REGISTRATIONS

### WITHOUT REPORTING

**IT IS FURTHER ORDERED** that in connection with the solicitation of consumers for personal information or in the promotion, advertising, marketing, sale, or offering for sale of any product or service, Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from registering or creating any new domain names, websites, web pages, or email accounts, Internet service accounts, or online payment service accounts, without notifying counsel for Plaintiffs within 24 hours of such registrations. The notice shall be sent in accordance with Section XVIII of this Order, and shall include:

A.    The true identity of the registrant, account holder, or user, including the complete and accurate physical mailing address, email address, and telephone number;

B     The means and source of payment for the registration, including the credit card number or bank account number used;

C.    The name and address of the person or entity to whom such registration was submitted;

D.    The date and time the registration was created; and

E.    The purpose of the domain names, websites, web pages, or email accounts, Internet service accounts, or online payment service accounts registered.

**V.**

**INJUNCTION AGAINST USING ANY PERSONS OR ENTITIES TO SEND COMMERCIAL EMAIL WITHOUT REPORTING**

**IT IS FURTHER ORDERED** that, in connection with the solicitation of consumers for personal information or in the promotion, advertising, marketing, sale, or offering for sale of any product or service, Defendants are temporarily restrained and enjoined from using any affiliates, sub-affiliates, agents, mailers, vendors, employees, contractors, or other persons or entities to send commercial email on their behalf without notifying counsel for Plaintiffs prior to the initiation of any commercial email message by such persons or entities. The notice shall be sent in accordance with Section XVIII of this Order, and shall include:

A.    The identity of the affiliate, sub-affiliate, agent, mailer, vendor, employee, contractor, or other person or entity including the name of an individual, the complete and accurate physical mailing address, a working email address, a working telephone number, and any identification codes associated with or used by such person or entity;

B     The amount of payment and information necessary to process such payment for the affiliate, sub-affiliate, agent, mailer, vendor, employee, contractor, or other person or entity, including the account name and number used;

C.    A copy of the body and subject line of each unique commercial email being sent by the affiliate, sub-affiliate, agent, mailer, vendor, employee, contractor, or other person or entity;

D.    A list of each of the email addresses from which the affiliate, sub-affiliate, agent, mailer, vendor, employee, contractor, or other person or entity will send the commercial email message;

E.   A list of the web site addresses and/or domain names promoted in the commercial email message;

F.   A description of the procedures Defendants have to ensure that:

1.   Such person or entity does not send commercial email messages to recipients who have previously requested not to receive commercial email messages from Defendants; and

2.   Defendants will receive all requests received by such persons or entities from email recipients who request not to receive commercial email messages from Defendants; and

G.   A certification that such person or entity has agreed, in writing, to comply with this Order and the provisions of the CAN-SPAM Act.

## VI.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from:

A.   Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any assets wherever located, inside or outside the United States of America, that are owned, controlled or held by, or for the benefit of, in whole or in part, of any Defendant; or in the actual or constructive possession of any Defendant, including, but not limited to,

1.   any account at Washington Mutual Bank, 8905 Las Tunas Drive, Temple City, CA 91780, Bank of America, 1455 Market Street, San Francisco, CA 94103, Wells Fargo Bank, N.A., P.O. Box 6995, Portland, OR 97228-6995, and/or

2.   any assets held in any account at any bank or savings and loan institution, or any credit card processing agent, customer service agent, commercial mail receiving

1    agency, or mail holding or forwarding company, or any credit union, online

2    payment service, IRA custodian, money market or mutual fund, storage company,

3    trustee, or with any broker-dealer, escrow agent, title company, commodity

4    trading company, precious metal dealer, or other financial institution or

5    depository of any kind;

6   B.   Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or

7    storage facilities titled in the name of any Defendant, or subject to access by any

8    Defendant or under any Defendant's control, without providing Plaintiffs prior notice and

9    an opportunity to inspect the contents in order to determine that they contain no Assets

10    covered by this Section; and

11   C.   Incurring liens or other encumbrances on real property, personal property or other assets

12    in the name, singly or jointly, of any Defendant.

13    **PROVIDED,** that the assets affected by this Section shall include: (1) all assets of

14   Defendants as of the time this Order was entered; and (2) for assets obtained after the time this

15   Order was entered, only those assets that are derived from or otherwise related to the activities

16   alleged in Plaintiffs' complaint.

17    **PROVIDED FURTHER**, that notwithstanding paragraphs VI. A-C, the Court authorizes

18   a one-time limited release in the amount of $28,000.00 to Defendants for living and operating

19   expenses. $17, 212.00 shall be released by unfreezing Peonie Chen's checking accounts held at

20   the Bank of America (numbers ######3937 and ######1391).  The additional $10,788.00 shall

21   be released from Defendant Optin Global's account at Washington Mutual Bank, account

22   number ######6884, and the check shall be made out in the name of The Corporate Counsel

23   Law Group, LLP.

24    **PROVIDED FURTHER**, that Defendants agree to not seek the release of additional

25   funds for living and operating expenses during the pendency of the case.  Such release, however,

26   shall not prejudice the Defendants' rights to apply to this Court for reasonable attorneys fees at a

27   later date or the Plaintiffs' rights to oppose such an application.

28

## VII.

## FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that each Defendant shall immediately prepare and deliver to counsel for Plaintiffs completed financial statements on the forms attached to this Order as **Attachments A and B**, for themselves individually and for each business entity under which they conduct business, or of which they are an officer, and for each trust of which they are a trustee, unless previously provided to Plaintiffs pursuant to the TRO.  The financial statements shall be accurate as of April 11, 2005.

## VIII.

## IDENTIFICATION AND COMPENSATION OF MARKETERS

**IT IS FURTHER ORDERED** that Defendants shall immediately prepare and deliver to counsel for Plaintiffs a completed statement identifying all affiliates, sub-affiliates, agents, mailers, vendors, employees, contractors, or other persons or entities that have sent commercial email on Defendants' behalf since January 1, 2004, on the form attached to this Order as **Attachment C**, unless previously provided to Plaintiffs pursuant to the TRO.  The statement shall be accurate as of April 11, 2005.

## IX.

## REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that each Defendant shall within five (5) days following service of this Order, unless previously provided to Plaintiffs pursuant to the TRO:

A.   Repatriate to the United States all assets and all documents located in foreign countries held, directly or indirectly:

   1.     by any Defendant;

   2.     for any Defendant's benefit; or

   3.     under any Defendant's direct or indirect ownership or control;

B.   On the same business day as any repatriation under Paragraph A above, notify Plaintiffs of the name and location of the financial institution or other entity that is the recipient of such assets or documents and the corresponding account names or numbers;

C.   Provide Plaintiffs with a full accounting of all assets and documents outside of the territory of the United States held, directly or indirectly:

    1.   by any Defendant;

    2.   for any Defendant's benefit; or

    3.   under any Defendant's direct or indirect ownership or control; and

D.   Hold and retain all repatriated assets and documents and prevent any transfer, disposition, or dissipation whatsoever of any such assets.

    **PROVIDED, HOWEVER,** Defendants may transfer any repatriated documents to Plaintiffs as required by this Order.

    **PROVIDED FURTHER,** that each Defendant shall provided Plaintiffs access to Defendants' records and documents held by financial institutions or other institutions outside the territorial United States, by signing the Consent to Release of Financial Records attached to this Order as **Attachment D**.

## X.

## INTERFERENCE WITH REPATRIATION

    **IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the transfer, encumbrance, or dissipation of foreign assets, or in the hindrance of the repatriation required by Section IX of this Order, including but not limited to:

A.   Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust

[Proposed] Preliminary Injunction Order        **Page 13 of 22**

1  agreement until such time that all assets have been fully repatriated pursuant to Section

2  IX of this Order; and

3  B.  Notifying any trustee, protector or other agent of any foreign trust or other related entities

4     of either the existence of this Order, or of the fact that repatriation is required pursuant to

5     a court order, until such time that all assets have been fully repatriated pursuant to

6     Section IX of this Order.

7

8                                    **XI.**

9                **PRESERVATION AND MAINTENANCE OF RECORDS**

10                 **AND NOTICE OF NEW VENTURES**

11

12      **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

13  employees, and attorneys, and those persons in active concert or participation with them who

14  receive actual notice of this Order by personal service or otherwise, are hereby restrained and

15  enjoined from:

16  A.  Destroying, erasing, mutilating, falsifying, concealing, writing over, altering,

17     transferring, or otherwise disposing of, in any manner, directly or indirectly, any

18     documents or records, including but not limited to, any and all computerized files,

19     storage media (including but not limited to floppy disks, hard drives, CD-Roms, Zip

20     disks, punch cards, magnetic tape, backup tapes, and computer chips) on which

21     information has been saved (including any and all equipment needed to read any such

22     material), contracts, accounting data, registrations, correspondence, advertisements

23     (including, but not limited to, advertisements placed on the World Wide Web or the

24     Internet or sent via email), FTP logs, Service Access Logs, USENET Newsgroups

25     postings, World Wide Web pages, email messages, books, written or printed records,

26     handwritten notes,  telephone logs, telephone scripts, receipt books, ledgers, personal and

27     business canceled checks and check registers, bank statements, appointment books,

28     copies of federal, state or local business or personal income or property tax returns, and

other documents or records of any kind that relate to the business practices, or business or personal finances, of any Defendant;

B.   Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of money; and

C.   Creating, operating, or exercising any control over any business entity involving any Defendant, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing Plaintiffs with a written statement disclosing:

    1.   the name of the business entity;

    2.   the address, telephone number, email address, and website address of the business entity;

    3.   the names of the business entity's officers, directors, principals, managers, and employees;

    4.   the names and addresses of any persons or entities providing online marketing, advertising, or mailing services for the business entity; and

    5.   a detailed description of the business entity's intended activities.

D.   **IT IS FURTHER ORDERED** that to the extent Defendants have not previously done so and in order to preserve all active and inactive computer data Defendants shall immediately upon service of this Order power down and only then unplug any and all computers in their control that are being used or have been used in any manner related to the business practices, or business or personal finances, of any Defendant and shall cease using such computers until after Defendants have provided Plaintiffs' access as Ordered in Section XVI.

## XII.

## DUTIES OF PERSONS OR ENTITIES HOLDING DEFENDANTS' ASSETS

    **IT IS FURTHER ORDERED** that any financial or brokerage institution, escrow agent, title company, commodity trading company, entity, trust, or person that holds, controls or

maintains accounts or assets of, or on behalf of, any Defendant, or has held, controlled or maintained any account or asset of, or on behalf of, any Defendant at any time since January 1, 2004, that has been served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.   Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further Order of the Court;

B.   Deny Defendants access to any safe deposit box that is:

   1.   titled in any Defendant's name, individually or jointly; or

   2.   otherwise subject to access by any Defendant; and

C.   Provide Plaintiffs, within five (5) days of receiving a copy of this Order, a sworn statement setting forth:

   1.   the identification number of each such account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of the Defendant;

   2.   the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order was received, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

   3.   the identification of any safe deposit box that is titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D.   Upon request by Plaintiffs, promptly provide Plaintiffs with copies of all records or other documentation pertaining to each such account or asset, including but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## XIII.

## **DISTRIBUTION OF ORDER BY DEFENDANTS**

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, successor, assign, officer, director, employee, independent contractor, agent, attorney, spouse and representative of each Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiffs with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of the Order.

## XIV.

## **SERVICE OF ORDER**

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XV.

## **CONSUMER CREDIT REPORTS**

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to Plaintiffs.  Plaintiffs agree to use information obtained under this Section only for law enforcement purposes.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**XVI.**

**PLAINTIFFS' ACCESS TO DEFENDANTS' RECORDS**

**IT IS FURTHER ORDERED** that Defendants shall immediately produce to Plaintiffs for inspection, inventory and/or copying, at the Office of the Attorney General for the State of California, 455 Golden Gate Avenue, Suite 11000, San Francisco, California 94102 (contact Attorney Ian Sweedler 415-703-5597 if using this address), or at the Federal Trade Commission's Western Regional Office, 10877 Wilshire Blvd, Suite 700, Los Angeles, California 90024 (contact Frank Bogardus 310-824-4319 if using this address), or at another location designated by Plaintiffs, all documents related or referring, directly or indirectly, to Defendants' business activities and/or Defendants' assets or assets held on Defendants' behalf, as well as any computers, electronic files, storage media (including but not limited to floppy disks, hard drives, CD-Roms, Zip disks, punch cards, magnetic tape, backup tapes and computer chips) on which information has been saved (including any and all equipment needed to read any such material), contracts, accounting data, correspondence (including, but not limited to, electronic correspondence), solicitations (including, but not limited to, solicitations on the Internet), USENET Newsgroup postings, web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, receipts, order confirmations, credit card statements, appointment books, copies of federal, state or local business or personal income or property tax returns, W-2 forms, 1099 forms, and other documents, records, or equipment related to Defendants' business or assets, unless previously provided to Plaintiffs pursuant to the TRO.  Such information should include, but not be limited to:

A.      Information relating to or concerning each person or entity for whom Defendants provide or have provided consumer lead information, including but not limited to names, addresses, email addresses, and telephone numbers, since January 1, 2004;

B.      Information relating to or concerning affiliates, sub-affiliates, agents, mailers, vendors, employees, contractors, or other persons or entities that send or have sent commercial

email on Defendants' behalf, or promote or have promoted any product or service for Defendants since January 1, 2004, (such information should include name(s), physical address(es), email address(es), telephone number(s), website address(es), and bank and payment information for each person or entity);

C.   Copies of any web pages or web sites that are or were operated by, registered to, or created by Defendants, Defendants' affiliates, sub-affiliates, agents, mailers, vendors, employees, contractors, or other persons or entities that send or have sent commercial email on Defendants' behalf, or promote or have promoted any product or service for Defendants since January 1, 2004;

D.   Any email message (including header information), and the content or header of any email message, relating to the promotion of any product, service or web site, sent or proposed to be sent since January 1, 2004, by Defendants, Defendants' affiliates, sub-affiliates, agents, mailers, vendors, employees, contractors, or other persons or entities that send or have sent commercial email on Defendants' behalf; and

E.   Information relating to or concerning any email address or Internet-based mechanism that an email recipient can use to request not to receive future email messages (hereinafter referred to as an "opt-out request") contained in or referred to in any email message sent by Defendants, Defendants' affiliates, sub-affiliates, agents, mailers, vendors, employees, contractors, or other persons or entities that send or have sent commercial email on Defendants' behalf, or promote or have promoted any product or service for Defendants since January 1, 2004.

**PROVIDED, HOWEVER**, that Plaintiffs shall return materials produced by Defendant within five (5) business days of completing said inventory and copying.

## XVII.

## EXPEDITED ASSET DISCOVERY

**IT IS FURTHER ORDERED** that the parties are granted leave at any time after service of this Order and pursuant to Federal Rules of Civil Procedure 30(a), 34 & 45 to (1) take the

[Proposed] Preliminary Injunction Order          Page 19 of  22

1   deposition of any person or entity for the purpose of discovering the nature, status, extent,

2   location or other relevant information relating to Defendants' assets and the nature and location

3   of documents reflecting the business transactions of Defendants; and (2) demand the production

4   of documents from any person or entity relating to the nature, status, extent, and location or other

5   relevant information relating to Defendants' assets and the location of documents reflecting the

6   business transactions of Defendants.  Three (3) business days notice shall be deemed sufficient

7   for any such deposition and production of documents from Defendants and any person or entity

8   other than Defendants, including but not limited to financial institutions, accountants, stock

9   brokers and financial planners.

10        The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B)

11   regarding subsequent depositions of an individual shall not apply to depositions taken pursuant

12   to this Section.  Any such depositions taken pursuant to this Section shall not be counted toward

13   any limit on the number of depositions under the Federal Rules of Civil Procedure, including

14   those set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A) or the Local Rules.  Additionally,

15   the production of documents submitted pursuant to this provision shall not in any way waive

16   Plaintiffs' rights to seek the production of additional documents.

17
18                                      **XVIII.**

19                          **SERVICE UPON PLAINTIFFS**

20        **IT IS FURTHER ORDERED,** with regard to any correspondence or pleadings related

21   to this Order that service on Plaintiffs shall be performed by overnight mail delivery or facsimile

22   to the attention of:

23
24        1.    Quisaira A. Whitney
             Colleen Robbins
25           Federal Trade Commission
             600 Pennsylvania Avenue, NW, Room H-238,
             Washington, DC 20580
26           facsimile transmission to (202) 326-3395; and

27        2.    Ian K. Sweedler
             Office of the Attorney General
28           455 Golden Gate Avenue, Suite 11000

1  San Francisco, CA 94102
   facsimile transmission to (415) 703-5480.

2

3  The parties may agree to accept service by email of documents not filed with the Court.

4
                                    **XIX.**
5
                         **RETENTION OF JURISDICTION**
6

7      **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

8  all purposes.  A Further Status Hearing will be held on Nov. 18, 2005, at 10:00 A.M.

9

10     **PURSUANT TO STIPULATION, IT IS SO ORDERED**, this _____ day of

11  _____6/21_____, 2005.

12

13                              _____/s/ Samue Conti_____
                                SAMUEL CONTI
14                              United States District Judge

15

16     **SO STIPULATED:**

17

18  Dated: June 8, 2005              ___/s/_____
                                    Quisaira A. Whitney
19                                  Colleen Robbins
                                    Federal Trade Commission
20                                  600 Pennsylvania Avenue, NW, H-238
                                    Washington, DC  20580
21                                  (202) 326-2351; 2548/ (202) 326-3395 (fax)
                                    qwhitney@ftc.gov; crobbins@ftc.gov
22
                                    For Plaintiff Federal Trade Commission
23
24  Dated: June 9, 2005              ___/s/_____
                                    Ian K. Sweedler (169969)
25                                  Deputy Attorney General
                                    Office of the Attorney General
26                                  455 Golden Gate Avenue, Suite 11000
                                    San Francisco, CA 94102
27                                  (415) 703-5597 / (415) 703-5480 (fax)
                                    ian.sweedler@doj.ca.gov
28
                                    For Plaintiff The People of the State of California

[Proposed] Preliminary Injunction Order        Page 21 of  22

1

2   Dated: June 9, 2005                    /s/
                                         _____
3                                        John Chu
                                         Corporate Counsel Law Group, LLP
                                         505 Sansome Street, Suite 475
4                                        San Francisco, CA 94111
                                         (415)989-5300/ (415) 788-4315
5                                        Jchu149@yahoo.com

6                                        For Defendants Optin Global, Inc., Vision Media
                                         Limited Corp., Rick Yang, and Peonie Pui Ting Chen
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28